# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

BRIAN VASQUEZ

                    Plaintiff,

      v.

MARTHA GALE, et al.,

                Defendants.

CIVIL ACTION NO. 1:20-CV-01805

(MEHALCHICK, M.J.)

## **MEMORANDUM**

Presently before the Court is a complaint filed by *pro se* prisoner-Plaintiff Brian Vasquez (hereinafter referred to as "Vasquez") on October 2, 2020, against Defendants Martha Gale, President Judge Richard A. Lewis, Matthew Bruce Miller, Travis Hawk, Miles Miller, Teresa, Mike Seldon, Adrian, Sebla, Kristina Litzenburger, Jane Doe, John Doe, Carl Hoffman, Prime Care Inc., and Dauphin County Work Release Center (hereinafter referred to collectively as "Defendants"). (Doc. 1, at 1). In the Complaint, Vasquez seeks injunctions and subpoenas among other remedies. (Doc. 1, at 34-36). At the time he filed his Complaint, Vasquez was incarcerated at the Dauphin County Prison located in Harrisburg, Pennsylvania in Dauphin County.

The Court has conducted its statutorily-mandated screening of the Complaint in accordance with 28 U.S.C. § 1915(e)(2). For the reasons provided herein, it is ordered that the Complaint be DISMISSED under 28 U.S.C. § 1915A(b)(1), but that Plaintiff be granted leave to amend.

## I.   BACKGROUND AND PROCEDURAL HISTORY

Vasquez, proceeding *pro se*, initiated the instant action by filing a complaint on October 2, 2020, along with a motion for leave to proceed *in forma pauperis* and a prison trust fund account statement.[1] (Doc. 1; Doc. 2; Doc. 3). In his Complaint, Vasquez alleges a wide range of incidents and facts. For example, some allegations pertain to incidents involving medical treatment while another describes the conduct of a guard[2] during Vasquez's transportation to the Dauphin County Prison. (Doc. 1, at 27-30 Additionally, Vasquez asserts claims pertaining to the constitutionality of the Dauphin County Work Release Center. (Doc. 1, at 8-12). Vasquez's requests for relief are equally assorted, as he asks for injunctions, subpoenas, an opportunity for settlement, and government action. (Doc. 1, at 34-36).

The matter is now before the Court pursuant to its statutory obligation under 28 U.S.C. § 1915(e) to screen the Complaint and dismiss it if it fails to state a claim upon which relief can be granted.

## II.   DISCUSSION

### A.  LEGAL STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 F. App'x 195, 197

---

[1] This Court grants Vasquez's motion for leave to proceed in forma pauperis (Doc. 2) by separate order.

[2] Plaintiff names John Doe, a defendant who works at the Dauphin County Work Release facility, as the perpetrator of an instance involving tugging on Plaintiff's belt while Plaintiff was handcuffed. Although Plaintiff does not explicitly state if this defendant was a guard, the facts lead the Court to presume that John Doe defendant is a guard at the Dauphin County Work Release facility.

(3d Cir. 2007) (not precedential). The Court must dismiss the complaint if it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has a similar obligation with respect to actions brought *in forma pauperis. See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see generally Banks v. Cnty. of Allegheny*, 568 F. Supp. 2d 579, 587-89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards). In this case, because Vasquez is suing government officials and seeks to proceed *in forma pauperis*, both provisions apply. In performing its mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010); *Banks*, 568 F. Supp. 2d at 588.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff

must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan*, 20 F.3d at 1261. This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (*citing Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

### B.   FAILURE TO STATE A CLAIM UNDER RULE 8

Vasquez's Complaint fails to state a claim under Rule 8(a) of the Federal Rules of Civil Procedure. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple,

concise, and direct." Fed. R. Civ. P. 8(d)(1); *Scibelli v. Lebanon Cnty.,* 219 F. App'x 221, 222 (3d Cir. 2007). Dismissal under Rule 8 is proper when a complaint "le[aves] the defendants having to guess what of the many things discussed constituted [a cause of action]." *Binsack v. Lackawanna County Prison,* 438 F. App'x 158, 160 (3d Cir. 2011).

While the undersigned must construe the Complaint liberally due to Vasquez's status as a *pro se* litigant, the Complaint fails to meet the pleading requirements of Rule 8. In most of his assertions Vasquez claims multiple violations of a general "constitutional right." *See* (Doc. 1, at 8, 12, 18, 19, 21, 24, 25, 29, 30, 34, 35). For example, when discussing the claims asserted against Teresa, Vasquez states that she "acted with deliberate indifference and contributed to violating my constitutional rights." (Doc. 1, at 24). In a similar vein, Vasquez asserts claims against Mike Seldon that he "contribute[d] to [and] acqui[esc]ed in the Constitutional violation and deprivation which lead to injury."[3] (Doc. 1, at 25). Although it appears that Vasquez has legitimate complaints, the Complaint itself contains too much information to understand what he alleges. Vasquez provides a multitude of facts taking place over the course of many different events. Due to its overwhelming nature, the Complaint does not provide any possibility for the Court to make a conjecture as to what Vasquez is discussing. His claims stretch across so many instances and vary so greatly that they are difficult to decipher with any degree of certainty.

Overall, the pleading does not provide any meaningful opportunity for the Defendants to decipher or answer the allegations levied against them. *See Twombly,* 550 U.S. at 555. It is

---

[3] Vasquez asserts a "constitutional violation" in nearly every description for his claims against specific defendants and does not provide any more instruction as to what type of specific constitutional violation he is asserting. (Doc. 1, at 8, 12, 18, 19, 21, 24, 25, 29, 30, 34, 35).

"rambling and unclear" so as to defy response. *Tillio v. Spiess*, 441 F. App'x 109, 110 (3d Cir. 2011). The allegations presented in the Complaint are not "simple, concise, and direct" to provide the Defendants with knowledge as to what they are being charged and therefore, it is difficult to understand what Vasquez is challenging. *See* Fed. R. Civ. P. 8(d)(1). In some instances, he appears to challenge the condition of his sentence[4] whereas in others he appears to assert a violation of fundamental rights. Because Vasquez provides an abundance of information, it is difficult to discern what claims he is actually asserting. Vasquez must adhere to Rule 8 by limiting his complaint to concise allegations of specific conduct that he believes violated his constitutional rights. *See Scibelli*, 219 F. App'x. 221 at 222 (dismissing a complaint because, among other reasons, it did not "qualif[y] as a short and plain statement of a federal claim").

### C. LACK OF ARTICLE III STANDING

In some of Vasquez's statements he fails to assert a claim to which he has standing. To bring a federal claim a plaintiff must have standing under Article III. Standing is evaluated by three elements: "(1) an 'injury in fact,' or an 'invasion of a legally protected interest' that is 'concrete and particularized,' (2) a 'causal connection between the injury and the conduct complained of,' and (3) a likelihood 'that the injury will be redressed by a favorable decision.'" *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 633 (3d Cir. 2017) (*citing* Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992).) In assessing whether a plaintiff has met the standard to assert an injury in fact, the Third Circuit has noted "the contours of the injury-in-fact requirement, while not precisely defined, are very generous, requiring only that

---

[4] If Plaintiff is challenging the nature of his sentence, a §2254 Habeas Corpus Petition would be a more appropriate filing.

claimant allege[ ] some specific, identifiable trifle of injury." *Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 278 (3d Cir. 2014)*. Additionally, the Third Circuit has stated that "at the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *In re Horizon* 846 F.3d 625, at 633-34 (*quoting Lujan*, 504 U.S. at 561).

Vasquez asserts claims pertaining to the separation of powers doctrine and conflicts of interest between the different branches of the Government. However, Vasquez fails to explain how these issues have caused him any harm. In his claims against Martha Gale he explains that she "violated my Constitutional rights by not opposing that the Dauphin County Work Release Center is of Penal/Correctional function." (Doc. 1, at 8). Gale's failure to oppose a function of a governmental program is not a harm from which Vasquez has directly suffered. Even construing the claim generously, it is unclear how a government employee's failure to bring a separation of powers argument applies to an injury Vasquez could have incurred. This is especially confusing because Gale was not the plaintiff's attorney and the alleged failure occurred after the plaintiff was incarcerated. Vasquez is not challenging the nature of his sentence nor is he alleging a constitutional harm that he incurred due to Gale's actions. Therefore, it is unclear what injury gives Vasquez standing to bring a separation of power claim regarding the Dauphin County Work Release Center.[5]

---

[5] Additionally, Vasquez asserts a claim against Gale due to a "conflict of interest with the 12th Judicial District Court of Common Pleas." The same evaluation of Plaintiff's standing applies here because Gale's actions have not caused injury to Vasquez.

### D. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). In this case, the Court will grant Vasquez leave to file an amended complaint in an attempt to cure the deficiencies outlined herein. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Plaintiff is reminded that the amended complaint must be submitted using the court-furnished form.[6] The complaint must consist of concise and direct statements alleging which civil rights were violated, and the specific acts that established each violation. Mere speculation is insufficient. Plaintiff is advised to follow each claim with a corresponding good-faith request for relief. Moreover, an amended complaint must, pursuant to Rule 20(a), name only those Defendants implicated in the transaction or occurrence giving rise to Plaintiff's claims and whose involvement in the suit presents a common question of law or facts. Plaintiff must limit claims to those by which he has suffered actual harm due to the actions of the Defendants. Finally, Plaintiff must not include any extraneous information that does not directly involve an alleged act constituting a violation of a civil right.

## III.   CONCLUSION

Based on the foregoing reasons, the Court finds that Plaintiff's Complaint fails to state a claim, but that Plaintiff should be granted leave to amend his Complaint, and as such directs that Plaintiff file an amended complaint within **30 days** of the date of this Order, or the Court

---

[6] *See Mincy v. Klem*, 303 F. App'x 106, 107-08 (3d Cir. 2008)(explaining that it is proper for the District Court to order use of a form-complaint when the original is unduly long).

will proceed on the originally filed Complaint.

An appropriate Order will follow.


Dated: March 18, 2021

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States Magistrate Judge**